Judge Underwood
delivered the opinion of the Court
In 1789, John Holder and John Taylor-executed their bond to Thomas Mount, conditioned for the conveyance of 6056 1-4 acre*, “pari of a survey of 50,000 acres, surveyed for said John Holder, in the county of Fayette.'’’’ • Mount filed his bill against Holder’s heirs and Taylor, for the purpose of obtaining a conveyance and title for said 6056 1-4 acres, out of one of two tracts, neither of which contained, by survey, precisely 50,000 acres; but one was for the quantity of 49,665 1 4 acres, arfd the other for 50,612 1-2 acres, as stated in the bill, and 60,612 12 acres, as stated in the patent filed. The patent for the tract of 49,665 1-4 acres, issued in the names of John Holder, Robert Trimble, James Clarke, and James Simpson; the three last being assignees of John Taylor, the entry having been made in the names of Holder and Taylor. The patent for the 60,612 1-2 acres, issued in the names of John Holder, John Copes, Daniel Gano, and Andrew Holmes.
The statement of the quantity is, probably, a clerical error in copying the grant, as the entry on which it is founded, being in the name of John Holder, is for 50,612 1-2 acres. The copies of the surveys are not *188 filed- Both patents issued subsequent to the date of bond, and both entries were made before that time. The tract referedtointhebond,isevidentlythe tract of 50,612 1-2 acres; because this was entered in the name of Holder alone; and because a tract containing less, could not, with any propriety, be called a “survey of 50,000 acres,” whilst a survey for that quantity, and a few hundred acres more, might, and probably would in common parlance, be denominated ‘•‘asqrveyof 50,000acres.”
If the comp’lt in chancery shouid^re-vived by bill ofrevivor, & »f>court?rtler ' ’
All the pa-tentees of a tract of Jaml, must be parties to a suit in chancery, against one of them, for the conveyance ' of his share of the land.
We are, therefore, of opinion, that the court correctly determined, to give the complainants the land, called for in the bond to their ancestor, out of the tract of 50,612 1-2 acres. But in reaching this object, there have been errors committed, and the complainants have omitted to make proper parties. ^ount died in the progress of the suit, and the court made an order, reviving the suit in the names of sundry persons, styling them as his heirs. This was improper. The suit should have been revived by abilf. of revivor, so that the defendants by an answer, might have contested the heirship relied on, in case they thought proper to do so. By' the proceeding in this suit, after Mount’s death, the court has, in a manner, exparte, settled who were his heirs, and admitted them to progress with the suit, as complainants. If they be not heirs, then a decree for or against them, would be no bar to an action by the true heir. Hence results the propriety on the death of the complainant, to revive the suit, when done for the benefit, and in the name of the heir, by a bill of revivor, filed in their names.
'«"SSSr-í'j'p- ¡ÍL.P* § ® c erf- p- S' = — cL 3 o 3 e-fl rr 2 o - a4 “ cr o n o • m —» ® *T3 S3 C OS > -e ct> 5' S' “* o o a ° « g. ’ cr » £ 2 - rt » 5 » ST Q (D ft si6 « S I la »* sT 3- a E.» ~ 2'^ O-© . "O ■ a> c a s* .o o 2tCTJ f “o rt- pj 2. ¡4- . •> 1 O S’ -- 3" : 3 11 » 3. cr t i; § "o 1- “ ^ boSrv-xs £ ~ ft> a¡ *13 j c- “• - 2 m Q3 « c a "5 ¿ c o cr rts £5 O ? CD ^ O g HS S. p $8 ci> ^ ¿w a gJ sr 5* o » a> 3v?3i2 & 3 S3 O g <08 o ^ q. rr a> cr >— 2 CD S' ss 3- a 2. r S a W O' 2. S as 3 5“ * — O’-<2 -o <*- « .,® ftu ? o *189 land, might have it set apart to them, exempt from any future claim thereto, from Capes, Gano or Holmes.
Heirs not bound by the covenant of their ancestor further than real estate descended, ico. their share of personal estate. Error to decree deed, with general warranty.
Triplett, for plaintiffs; Wickliffe, for defendants.
A partition among the co-patentees, is proper, so far as it is essential to secure to the heirs of Mount, a title. Capes, Gano, and Holmes shrtuld relinquish to them, as well as Holder’s heirs. The decree is erroneous, in directing the defendants to convey by deed, with general warranty. The heirs of Holder ought not to be bound, farther than the extent of property, descended to them, and to the amount of their distributable shares, of their ancestors personal estate. The decree goes farther.
The decree of the circuit court is reversed, and the cause remanded for new proceedings, and a decree consistent with this opinion.
The plaintiffs in error must recover their costs.